UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BIJAN LAGHAEI,<br><br>         Plaintiff,<br> v.<br>FEDERAL HOME LOAN MORTGAGE CORP., BAC HOME LOANS SERVICING, LP, MTC FINANCIAL, DOES 1-10, and OTHER UNKNOWN PERSONS,<br><br>         Defendants. | Case No. 3:12-cv-00307-MMD-VPC<br><br>ORDER<br><br>(Defs. Federal Home Loan Mortgage Corp., BAC Home Loans Servicing's. Motion to Dismiss – dkt. no. 12; Def. MTC Financial Inc.'s Motion to Dismiss – dkt. no. 13; Defs.' Motion to Strike – dkt. no. 17) |

**I. SUMMARY**

Before the Court are Defendants Federal Home Loan Mortgage Company ("Freddie Mac") and Bank of America's (successor by merger to BAC Home Loans Servicing, LP) ("BAC") Motion to Dismiss Complaint with Prejudice (dkt. no. 12), Defendant MTC Financial, Inc.'s ("MTC") Motion to Dismiss the Complaint for Failure to State a Claim (dkt. no. 13) and Defendants Freddie Mac and BAC's Motion to Strike Plaintiff's Notice of No Federal Jurisdiction (dkt. no. 16). Plaintiff has not opposed any of these motions. For the reasons discussed below, all three Motions are granted.

**II. BACKGROUND**

This case arises from an alleged wrongful foreclosure. Plaintiff's Complaint alleges the following. Plaintiff is a resident of Washoe County, Nevada. (Dkt. no. 1-1 at

¶ 1.) Plaintiff has purchased the subject property, 25 Snowberry Ct.,[1] Reno, Nevada 89511, subject to a mortgage. (*Id.* at ¶ 2.) Plaintiff sought to have this mortgage modified to remain in his home. (*Id.* at ¶ 10.) Plaintiff paid $19,810.00 as part of a forbearance agreement to BAC. (*Id.* at ¶ 10.) MTC sent Plaintiff a Notice of Default and Notice of Trustee's Sale, but Plaintiff was told to "not be concerned" with the documents because "a modification would be worked out." (*Id.* at ¶ 10, dkt no. 12 at ex. 7, 10.) MTC recorded the Notice of Default on March 20, 2009. (Dkt. no. 12 at ex. 7.) On March 25, 2012, Plaintiff was served with a Justice Court action for "Corrective Trustee's Deed Upon Sale." (Dkt. no. 1-1 at ¶ 11.)

On May 20, 2012, Plaintiff filed the instant action in the Second Judicial District Court of the State of Nevada, asserting four claims: (1) cancellation of corrective trustee's deed upon sale, (2) slander of title, (3) unfair and deceptive trade practices, and (4) attorney fees. (*Id.* at 1.) On June 6, 2012, Defendants removed the case to federal court. (*Id.*) In lieu of filing an answer, Defendants moved to dismiss the Complaint for failure to state a claim. Plaintiff did not oppose the Motion or move for remand. Rather, Plaintiff filed a notice to the Court entitled "Notice of No Federal Jurisdiction." (Dkt. no. 16.) Thereafter, Defendants filed a motion to strike the rogue document.

### III. DISCUSSION

#### A. Legal Standard

Pursuant to Rule 12(f), a "court may strike from a pleading … any redundant, immaterial, impertinent, or scandalous matter." Rule 7(a) identifies "pleadings" as the complaint, answer, and reply, but not motions and other papers. Thus, a motion to strike under Rule 12(f) is limited to pleadings. *United States v. Crisp*, 190 F.R.D. 546, 550–51 (E.D. Cal. 1999) (citing *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir.

---

[1] Plaintiff's Complaint refers to the street name as "WinterBerry." However, as all supporting documentation with references to the corresponding parcel number refers to the street name as Snowberry, the Court corrects Plaintiff's reference in the Complaint.

1983)). However, a district court has the inherent power to strike a party's submissions other than pleadings. *See Metzger v. Hussman*, 682 F.Supp. 1109, 1110 (D. Nev. 1988), *Calkins v. Shapiro & Anderson, L.L.P.*, No. 05-0815-PHX-ROS, 2005 WL 3434718, at *3 (D.Ariz. Dec. 13, 2005); *see also Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991). The alternative basis for striking improper filings is the district court's "inherent power over the administration of its business. It has inherent authority to regulate the conduct of attorneys who appear before it [and] *to promulgate and enforce rules for the management of litigation . . . .*" *Spurlock v. F.B.I.*, 69 F.3d 1010, 1016 (9th Cir.1995) (citations omitted) (emphasis added).

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, a district court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* Second, a district court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for

1 the alleged misconduct. *Id.* at 678. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but it has not shown—that the pleader is entitled to relief." *Id.* (internal quotation marks omitted). When the claims in a complaint have not crossed the line from conceivable to plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570. A complaint must contain either direct or inferential allegations concerning "all the material elements necessary to sustain recovery under *some* viable legal theory." *Twombly*, 550 U.S. at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.,* 745 F.2d 1101, 1106 (7th Cir. 1989) (emphasis in original)).

The "documents 'whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached'" to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss. *In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d 970, 986 (9th Cir. 2002) (superseded by statute on other grounds) (quoting *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994)). "[O]n a motion to dismiss a court may properly look beyond the complaint to matters of public record and doing so does not convert a Rule 12(b)(6) motion to one for summary judgment." *Mack v. South Bay Beer Distribs.*, Inc., 798 F.2d 1279, 1282 (9th Cir. 1986). For the purposes of the motions to dismiss, the Court considers documents attached to Defendants' motions as exhibits because they are alleged in the Complaint, are matters of public record, and Plaintiff has raised no questions of authenticity.

**1.    Motion to Strike**

Defendants seek to Strike Plaintiff's Notice of No Federal Jurisdiction ("Notice"). Although filed last, the Notice presumably would strip this Court of jurisdiction; thus, the Court addresses the Motion to Strike first.

As a preliminary matter, the Court has reviewed the petition for removal and determines that the Court has subject matter jurisdiction based on 28 U.S.C. § 1331 federal question as it relates to 12 U.S.C. § 1452 (federal courts have original jurisdiction over all civil actions against Freddie Mac).

Plaintiff has failed to respond to Defendant's Motion to Strike. Failure to file points and authorities in opposition to a motion constitutes consent that the motion be granted. L.R. 7-2(d); *see Abbott v. United Venture Capital, Inc.*, 718 F. Supp. 828, 831 (D. Nev. 1989). Thus, Plaintiff is deemed to have consented to the granting of Defendant's Motion.

More importantly, Plaintiff's Notice contains several defects. Plaintiff's Notice is devoid of any statutory, regulatory, or case law basis for remanding the case to state court, which is presumably what the Plaintiff is attempting to do. Plaintiff makes a singular argument that the holding in *Chapman v. Deutsche Bank, et al.*, 651 F.3d 1039 (9th Cir. 2011)[2] "destroys federal jurisdiction pursuant to any interpretation." However, without any explanation of which "interpretation" Plaintiff asks this Court to adopt, the argument is unpersuasive. Counsel for Plaintiff has also disregarded Federal Rule of Civil Procedure 7's requirement that all requests for court order to be made by way of a motion.[3] By filing the apparent request for remand in the improper form of a "notice," Plaintiff does not allow Defendants to adequately oppose the request. Thus, this Court finds it is proper to invoke its inherent power to strike filings to aid in the administration of Court business and strikes Plaintiff's Notice.

### 2. Motions to Dismiss

Again, Plaintiff has failed to respond to either Defendant's Motion to Dismiss. Failure to file points and authorities in opposition to a motion constitutes consent that the motion be granted. L.R. 7-2(d); *see Abbott,* 718 F. Supp. at 831. Thus, Plaintiff is deemed to have consented to the granting of the Defendants' Motions.

---

[2]*Chapman* concluded that the characterization of unlawful detainer actions and quiet title actions as *in rem* or *quasi in rem* or *in personam* was an unresolved issue of state law and certified the questions to the Nevada Supreme Court. The Nevada Supreme Court has yet to determine whether quiet title and unlawful detainer actions are *in rem* or *quasi in rem* to giving the state court prior exclusive jurisdiction over the subject *res*.

[3]Moreover, counsel's use of FULLY CAPITALIZED WORDS as an attempt to emphasize his non-existent legal theory is unhelpful to the Court.

1  Moreover, based on the Court's review of the allegations in the Complaint, the
2  Complaint fails to state a claim against any Defendant.  Plaintiff's first and fourth claims
3  are a remedy and not recognized cause of action.  Plaintiff's second and third claims are
4  utterly deficient of any facts to support an inference of any misconduct.  Additionally,
5  Plaintiff's third claim is time-barred.

6  **a.    Claim 1 – Cancel Corrective Trustee's Deed Upon Sale**

7  Plaintiff's claim for cancellation of the Corrective Trustee's Deed Upon Sale is
8  dismissed with prejudice as it is merely a form of relief and not a cause of action.
9  Further, as the Court has dismissed the other claims as discussed below, the remedy is
10 unsupported by any claim.

11 **b.    Claim 2 – Slander of Title**

12 In his Complaint, Plaintiff alleges that Freddie Mac placed a cloud on Plaintiff's
13 title by illegally recording the Corrective Trustee' Deed Upon Sale.  Plaintiff alleges that
14 Defendants had no legal right to record their Notices of Default, Notice of Trustee's Sale,
15 and Corrective Trustee's Deed Upon Sale because Defendants had no legally
16 cognizable interest in the promissory note or deed of trust.

17 To state a slander of title claim under Nevada law, a plaintiff must allege "false
18 and malicious communications, disparaging to [his] title in land, and causing special
19 damage." *See Exec. Mgmt., Ltd. v. Ticor Title Ins. Co.*, 963 P.2d 465, 478 (Nev. 1998).
20 Assuming all the facts alleged in the Complaint as true, Plaintiff was in default on his
21 loan. (Compl., 1-1 at ex.1).  Thus, it is not false that Plaintiff was in default.  Nor was it
22 false that the property was to be sold at a trustee's sale.

23 As the notice of default, notices of sale, and corrective trustee's deed upon sale
24 were recorded by MTC, Freddie Mac and BAC cannot be liable under this theory, and
25 the claim is dismissed as to Freddie Mac and BAC with prejudice.  As to MTC,
26 Defendant MTC was acting within its authority under the Deed of Trust, and its
27 subsequent substitution of trustee, in conducting the foreclosure.  It is not clear,
28 therefore, what Plaintiff might assert to be false or malicious about the recorded notice.

Plaintiff has alleged no facts that allow the Court to draw a reasonable inference that the defendant is liable for the alleged misconduct. Plaintiff has failed to state a claim for slander of title and this claim is dismissed with prejudice.

### c.     Claim 3 – Unfair and Deceptive Trade Practices

In his Complaint, Plaintiff alleges MTC committed two violations of NRS § 598.0923 by recording the two Notices of Default, thereby making Plaintiff a victim of fraud under NRS § 41.600(2)(d). Additionally, Plaintiff alleges that MTC violated NRS § 598.0923 by not having the required "foreign collector's license" required by NRS § 649.370, the statute that makes any violation of the federal Fair Debt Collection Practices Act ("FDCPA") a violation under Nevada law.

Under Nevada law, conducting business without all required state, county or city licenses, or violating state or federal statutes or regulations relating to the sale or lease of goods or services, amount to a deceptive trade practice. NRS § 598.0923(1), (3). Collection agencies are "all persons engaging, directly or indirectly, and as a primary or a secondary object, business or pursuit, in the collection of or in soliciting or obtaining in any manner the payment of a claim owed or due or asserted to be owed or due to another." NRS § 649.020. However, it is well established that "non judicial foreclosures are not an attempt to collect a debt under the Fair Debt Collection Practice Act and similar state statutes." *Ellis v. World Sav. Bank, FSB*, No. 3:11-cv-0473-LRH-VPC, 2011 WL 6396568 *2 (D. Nev. Dec. 20, 2011). Assuming there is a violation, victims of consumer fraud in the form of a deceptive trade practice must bring a claim within three years. NRS § 41.600(1), NRS § 11.190(3)(a).

Initially, the Court notes that the allegations contained in the Complaint are legal conclusions that offer nothing more than a formulaic recitation of the elements of a claim. As such, they are insufficient to state a claim upon which relief can be granted. Further, MTC did not need to be licensed to conduct business in the State of Nevada because foreclosing on real property is not an attempt to collect a debt requiring a separate license. *See Ellis*, 2011 WL 6396568 *2. Last, even assuming arguendo that there was

a violation, because MTC recorded the Notice of Default on March 20, 2009, and Plaintiff brought this action on May 10, 2012, more than three years later, this claim is time-barred. Therefore, the Court finds that Plaintiff fails to state a claim upon which relief can be granted and dismisses this claim with prejudice.

### d. Claim 4 – Attorney Fees

Plaintiff's claim for attorney's fees is dismissed with prejudice as it is merely a form of relief and not a cause of action. Further, as the Court has dismissed the other claims, the remedy is unsupported by any claim.

## IV. CONCLUSION

IT IS THEREFORE ORDERED that Defendants Freddie Mac and BAC's Motion to Strike Plaintiff's Notice of No Federal Jurisdiction (dkt. no. 16) is GRANTED.

IT IS FURTHER ORDERED that Defendants Federal Home Loan Mortgage Company and BAC Home Loans Servicing, LP's Motion to Dismiss Complaint with Prejudice (dkt. no. 12.) is GRANTED with prejudice.

IT IS FURTHER ORDERED that Defendant MTC Financial, Inc.'s Motion to Dismiss the Complaint for Failure to State a Claim (dkt. no. 13) is GRANTED with prejudice.

The Clerk of the Court is further directed to close this case.

DATED THIS 2nd day of November 2012.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE